**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0408n.06

Case No. 13-1077

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 09, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| BOBBY EMMITT KENNEDY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DARRELL STEWART, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE: KEITH, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge. Bobby Kennedy, a Michigan prisoner serving a life sentence for first-degree murder, appeals the district court's denial of his habeas petition claiming that the state trial court's disqualification of his chosen attorney violated his constitutional right to counsel. Because the Michigan Court of Appeals's rejection of this claim rested on reasonable factual and legal determinations, we affirm.

I.

In 1997, authorities in Grand Rapids found Timmy Thomas fatally shot. Police suspected that Anthony McLiechey drove Kennedy to the scene of the crime and saw him shoot the victim. The state thus issued a subpoena ordering McLiechey to appear at an investigative hearing.

Deday LaRene—a defense attorney who represented Kennedy in past criminal cases—asked a colleague to represent McLiechey during the hearing. The colleague declined but referred the case to his fiancé, Elise Herrick. Upon Herrick's advice, McLiechey refused to testify.

During the investigative hearing, the parties and the judge learned that Kennedy's wife paid Herrick's fee. Recognizing the conflict in a suspected murderer's wife paying the fee for the only known eyewitness's lawyer, the judge disqualified Herrick from representing McLiechey. Herrick became "really ticked" (apparently because the conflict required her to "call the state bar"), and LaRene later paid Herrick $1,000 out of his own pocket "because of the run-around." (R. 10-1, Herrick's Grand Jury Test. Tr. at 15, 18.)

Prior to trial, the prosecution moved under Michigan Rule of Professional Conduct 3.7(a) to disqualify LaRene—Kennedy's preferred counsel—as "likely to be a necessary witness" called by the state to testify about why he recruited and paid witness McLiechey's lawyer. The trial judge disqualified LaRene, finding him likely to testify at trial because he had "just a little too much involvement" in the case. (R. 7-23, Second Hr'g on Motion Tr. at 33, 36−37.) Kennedy stood trial, McLiechey testified, LaRene did not, and the jury returned a guilty verdict.

Kennedy appealed to the Michigan Court of Appeals, arguing that the trial court violated his Sixth Amendment right to counsel of his choice. *People v. Kennedy*, No. 271020, 2007 WL 3309995, at *1 (Mich. Ct. App. Nov. 8, 2007) (per curiam). The court affirmed, discerning record support for the trial court's finding that LaRene likely would testify regarding Herrick, and noting that Supreme Court precedent grants courts wide latitude in balancing the right to counsel against the interest served by conflict-of-interest rules. *Id*. at *1, 3−5. The Michigan Supreme Court denied leave to appeal. *People v. Kennedy*, 759 N.W.2d 372 (Mich. 2009).

On habeas review under 28 U.S.C. § 2254, the district court concluded that the Michigan Court of Appeals's decision reflected a reasonable (1) reading of the factual record and (2) application of United States Supreme Court precedent. The district court thus denied Kennedy's petition, and he now appeals.

## II.

We apply the familiar "difficult to meet" standard of review for habeas claims. *Johnson v. Williams*, 133 S. Ct. 1088, 1091 (2013). That is, we will overturn the Michigan Court of Appeals's decision only if it was (1) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" or (2) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).

Kennedy first argues that the state court unreasonably deduced from a single fact—that LaRene recruited Herrick to represent an adverse witness—that the prosecution likely would call LaRene to testify at trial. This argument overlooks key facts: LaRene recruited Herrick to represent the only witness to the shooting; Kennedy's wife paid Herrick's fee; and LaRene paid Herrick a $1,000 bonus out of his own pocket. These circumstances, combined with the fact that only LaRene could testify to his own motivations, lend reasonable support to the state court's factual finding. And though Kennedy perceives various "misapprehension[s] or misstatement[s] of the factual record" in the state court's decision, he presents no "extreme malfunction[]" warranting relief. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Kennedy also contends that the Michigan Court of Appeals unreasonably applied Supreme Court precedent in using the "chimerical" possibility of a conflict to justify

disqualifying LaRene. But precedent grants trial courts "substantial latitude" to disqualify counsel when "a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat v. United States*, 486 U.S. 153, 158, 163 (1988).

Moreover, the state court reasonably balanced the fairness in preventing an attorney from doubling as both an advocate and witness during the same trial against Kennedy's choice of counsel. *See Kennedy*, 2007 WL 3309995, at *4 (emphasizing the importance of "prevent[ing] any problems that would arise from a lawyer's having to argue the credibility and effect of his or her own testimony" and "prevent[ing] prejudice to the client if the lawyer is called as an adverse witness"). Given *Wheat*'s broad rule and AEDPA deference, we decline to disturb the state court's decision. *See Desai v. Booker*, 732 F.3d 628, 631 (6th Cir. 2013) ("'The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations,'— and, it follows, the less likely a state court's application of the rule will be unreasonable." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

III.

We AFFIRM.